UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                                        :

EDWARD M. VON DER SCHMIDT, et al.,         :

                                  Plaintiffs,                         :

                                                                           :                  23-CV-3389 (JMF)

               -v-                                            :

                                                                           :                      ORDER

TOM HIGGINS, et al.,                                    :

                                  Defendants.                   :

                                                                           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 22, 2023, Plaintiffs filed a Complaint in which they invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 2, ¶ 9.[1]  Plaintiffs state that they "[are residents] of the Carolinas, while Defendant [sic] both reside in New York." Plaintiffs further allege that one of them, Ms. Ngô, is domiciled in California.  *Id.* ¶ 5.[2] Otherwise, Plaintiffs do not allege the citizenship of any party.  Allegations of residency alone are not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)).  For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to

---

[1]    In fact, Plaintiffs state that the "Court has supplemental jurisdiction over Plaintiff's related claims under state and local law under 28 U.S.C. § 1367(a)."  *Id.*  But as Plaintiffs do not plead any federal claims, the only basis for this Court's subject-matter jurisdiction is Section 1332.

[2]    Presumably, Ms. Ngô is not, therefore, a citizen of "the Carolinas," as stated in paragraph 9 of the Complaint.

establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **May 1, 2023**, Plaintiffs shall file an amended complaint properly alleging the *citizenship* of each party to this action, including the *citizenship* of the Defendant corporation, which is determined by the corporation's place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). If, by that date, Plaintiffs do not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: April 24, 2023
      New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge