UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
      :
EDWARD M. VON DER SCHMIDT, et al.,      :
      :
      Plaintiffs,      :
      :      23-CV-3389 (JMF)
    -v-      :
      :      <u>ORDER</u>
TOM HIGGINS, et al.,      :
      :
      Defendants.      :
      :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 22, 2023, Plaintiffs filed a Complaint in which they invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 2, ¶ 9.[1] After the Court ordered Plaintiff to amend to complaint to properly invoke diversity jurisdiction, ECF No. 5, Plaintiffs filed an Amended Complaint on April 25, 2023, ECF No. 6. But the Amended Complaint fails to properly invoke diversity jurisdiction.

Specifically, Plaintiffs allege their state of residence and the residences of the individual Defendants, but they do not allege the parties' states of *citizenship*. ECF No. 6, ¶¶ 4, 6, 11, 13. As the Court previously admonished, allegations of residency alone are not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether

---

[1] In fact, Plaintiffs state that the "Court has supplemental jurisdiction over Plaintiff's related claims under state and local law under 28 U.S.C. § 1367(a)." *Id.* But as Plaintiffs do not plead any federal claims, the only basis for this Court's subject-matter jurisdiction is Section 1332.

subject matter jurisdiction exists." (internal quotation marks omitted)).  For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship."  *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **May 3, 2023**, Plaintiffs shall file an amended complaint properly alleging the *citizenship* of each party to this action.  Pursuant to the Court's Individual Rules and Practices, Plaintiffs must file a redline showing all differences between the original complaint and their amended complaint as an attachment to the amended complaint.  If, by that date, Plaintiffs do not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: April 26, 2023
    New York, New York

                                                                    _____
                                                                    JESSE M. FURMAN
                                                                    United States District Judge