```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
EDWARD M. VON DER SCHMIDT, et al.,                                      :
                                                                        :
                            Plaintiffs,                                 :
                                                                        :
               -v-                                                      :   23-CV-3389 (JMF)
                                                                        :
                                                                        :   ORDER OF DISMISSAL
                                                                        :
TOM HIGGINS, et al.,                                                    :
                                                                        :
                            Defendants.                                 :
                                                                        :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, District Judge:

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the present case, jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. It is well-established that a plaintiff must affirmatively allege the citizenship of every party in order to establish diversity jurisdiction. Here, Plaintiffs amended their Complaint twice at the Court's direct, *see* ECF Nos. 6, 8, but still failed to allege the *citizenship* of every party. Plaintiffs allege the residence of themselves and the individual Defendants, *see, e.g.*, ECF No. 8, ¶¶ 5, 7, 11, 13, but, as the Court has repeatedly admonished, allegations of residency alone are insufficient. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945,

948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").

The Court has twice warned Plaintiffs that if they failed to file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case. *See* ECF Nos. 5, 7. Plaintiffs have failed to plead the citizenship of all of the parties, and therefore have failed to establish the Court's subject-matter jurisdiction.

Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject-matter jurisdiction. Any pending motions are moot and any conferences are canceled. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 4, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge